United States District Court
Southern District of Texas

**ENTERED**

May 04, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| MITCHELL ADJUSTING INTERNATIONAL, LLC, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00128 |
| | § | |
| BRIDGE FUNDING CAP, LLC, *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to me for all pretrial purposes. *See* Dkt. 7. I am sua sponte issuing this memorandum and recommendation to suggest that the court order the conditional dismissal of all claims belonging to Plaintiff Mitchell Adjusting International, LLC ("MAI") without prejudice unless MAI appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

On April 9, 2026, Andrew Mitchell, an incarcerated person proceeding pro se, instituted this lawsuit against Defendants. Mitchell was a licensed public adjuster. Mitchell provided his public adjusting services through MAI, a Texas limited liability company. At all times, Mitchell has been the sole member of MAI. Mitchell claims that Defendants operated a "predatory scheme of repeated account freezes, coercive settlement extractions, and unlawful seizure of policyholder trust funds held by MAI as a licensed public adjuster." Dkt. 1 at 1. Mitchell asserts claims for RICO, RICO conspiracy, wire fraud, breach of contract, economic duress/voidance of settlements, conversion, unjust enrichment, and tortious interference with business relations. Mitchell purports to bring this lawsuit individually and as MAI. Mitchell cannot do this.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The right to conduct one's own cases personally is limited to one's own interests. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). This rule applies to all "[a]rtificial business entities—such as limited liability companies, corporations, and partnerships." *Alt. Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021).

To the extent that Mitchell has a personal claim against Defendants, Mitchell may prosecute that claim himself. But to the extent that Mitchell seeks to prosecute a claim belonging to MAI, such a claim may be prosecuted only through a licensed attorney. *See, e.g.*, *Robinson v. Ashland Inc.*, No. 1:24-cv-97, 2024 WL 5158429, at *8 (E.D. Tex. Dec. 18, 2024) (collecting cases and holding that "Plaintiffs, even as sole owners of their LLC, lack standing to assert claims individually where the cause of action belongs to the company.").

"A district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (cleaned up). Fairness "requires both notice of the court's intention and an opportunity to respond." *Id.* (quotation omitted). Here, Mitchell has both the opportunity to object to this memorandum and recommendation and, in the event it is adopted, 30 days to appear through counsel before this action is dismissed without prejudice. That is fair.

## CONCLUSION

For the reasons discussed above, I recommend that the court order the conditional dismissal of any claims belong to MAI without prejudice unless MAI appears through licensed counsel within 30 days from the date this memorandum and recommendation is adopted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this ___4th___ day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

3