United States District Court
Southern District of Texas

**ENTERED**
May 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MITCHELL ADJUSTING INTERNATIONAL, LLC, *et al.*, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 3:26-cv-128 |
| BRIDGE FUNDING CAP, LLC, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On April 23, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 7. Judge Edison filed a memorandum and recommendation sua sponte on May 4, 2026, recommending that the court order the conditional dismissal of any claims belonging to Plaintiff Mitchell Adjusting International, LLC ("MAI") without prejudice unless MAI appears through licensed counsel within 30 days from the date the memorandum and recommendation is adopted. Dkt. 10 at 2.

On May 15, 2026, the plaintiff Andrew Mitchell filed his objections to the memorandum and recommendation. Dkt. 12. Mitchell simultaneously filed a motion for appointment of counsel and a motion to stay, requesting the same relief requested in his objections. Dkts. 13, 14. Because these motions request the same relief requested in Mitchell's objections, the court will address these two motions alongside Mitchell's objections.

In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; *see also* Fed. R. Civ. P. 72(b)(3).  The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record.  The court accepts Judge Edison's memorandum and recommendation and adopts it as the court's opinion.

Most of Mitchell's objections seem to stem from Mitchell's mistaken belief that Judge Edison recommended the dismissal of this entire case, including claims belonging to Mitchell individually. Specifically, Mitchell objects that Judge Edison treats him "as a mere stand-in for MAI," "overlooks Mitchell's direct individual-capacity claims," and that Mitchell "has independent standing." Dkt. 12 at 3, 4, 7. These objections are overruled. Judge Edison stated that, "[t]o the extent that Mitchell has a personal claim against Defendants, Mitchell may prosecute that claim himself." Dkt. 10 at 2. Judge Edison recommended conditional dismissal of claims belonging only to MAI, not to claims belonging to Mitchell personally.

To the extent Mitchell objects on the grounds that he believes he may prosecute his own claims individually *and* MAI's claims, those objections are overruled. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). It is this centuries-old, binding precedent that underpins Judge Edison's memorandum and recommendation. Binding Fifth Circuit authority is not required for this court to follow the uniform rule adopted by every federal court to confront the issue and hold that where "the lay individual chose to accept the advantages of incorporation," he "must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (quotation omitted). The only way that Mitchell can advance MAI's claims is through counsel; an assignment cannot be made to defeat this rule. Nor does Mitchell's federal restitution obligation provide a basis for Mitchell, a non-lawyer, to prosecute MAI's claims.

In his fourth and final objection, Mitchell argues that Judge Edison should have considered appointing counsel under 28 U.S.C. § 1915(e)(1) and *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015). This objection is overruled. To the extent Mitchell seeks appointment of counsel for MAI, the United States Supreme Court held more than 30 years ago that § 1915 extends only to natural persons. *See Rowland*, 506 U.S. at 208. Thus, the court has no power to appoint counsel to a corporate plaintiff—or to a non-lawyer attempting to assert a corporate plaintiff's claims—under § 1915. While the Fifth Circuit has recognized a district court's "inherent power to appoint counsel for an insolvent corporate criminal defendant," this court is unaware of any authority that would support appointing counsel for a

3

corporate *plaintiff* in *civil* litigation. *Naranjo*, 809 F.3d at 802. Assuming the court has such inherent power, the court declines to use it. If the value of this litigation is as great as Mitchell believes, he should have no difficulty securing counsel on a contingency basis. For this reason, the court also declines to appoint counsel for Mitchell personally.

It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation, Dkt. 10, is approved and adopted in its entirety as the holding of the court;

(2) Mitchell has 30 days from the date of this order to file an amended complaint asserting claims solely in his individual capacity and not as an assignee or the sole member of his LLC;

(3) Mitchell's motion for appointment of counsel, Dkt. 13, is denied;

(4) This case is conditionally dismissed as to MAI unless, within 30 days from the entry of this order, MAI appears through licensed counsel; and

(5) Mitchell's motion to stay, Dkt. 14, is granted, in that all other deadlines in this case are stayed for the next 30 days.

SIGNED on Galveston Island this 22nd day of May 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE